# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREW HARVEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1495** |
| **DENNIS WHEAT, WARDEN** | **SECTION "A" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this petition, ANDREW HARVEY seeks relief from his September 2008 state court conviction for armed robbery, a violation of La. R.S. 14:64. Petitioner claims that he received ineffective assistance of counsel, that the state illegally introduced evidence of his prior convictions, that the prosecutor made impermissible comments that vouched for the credibility of a witness, that the alleged gunman in the case was misidentified, and that the preliminary hearing was invalid. The State has responded by filing a motion to dismiss based upon petitioner's failure to exhaust state court remedies (See Rec. Doc. 10).

The Court does not reach the merits of petitioner's *habeas* application since the petitioner has failed to exhaust his available state court remedies. 28 U.S.C. § 2254; ***Rose v. Lundy***, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); ***Preiser v. Rodriguez***, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); ***Serio v. Members of the Louisiana Board of Pardons***, 821 F. 2d 1112, 1117 (5th Cir. 1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. ***Dupuy v. Butler***, 837 F. 2d 699, 702 (5th Cir. 1988).

A review of Harvey's federal application reveals that Harvey took a direct appeal to the Louisiana Court of Appeal, First Circuit. The conviction and sentence were affirmed on October 27, 2009. ***State v. Harvey***, 2009 WL 3447428 (unpublished) (La. App. 1st Cir. 10/27/09). Harvey did not seek further review of his conviction or sentence to the Louisiana

2

Supreme Court either on direct appeal or through the state post-conviction process. (See Motion to Dismiss filed by the State, Rec. Doc. 10, Letter from the Louisiana Supreme Court dated August 3, 2010, attached thereto.) Additionally, the Magistrate Judge's staff contacted the Louisiana Supreme Court to determine whether any writ applications had ever been filed with that court on petitioner Harvey's behalf relative to his September 2008 conviction. A staff member of the Clerk of Court for the Louisiana Supreme Court confirmed that petitioner Harvey has not filed such a petition. Thus, petitioner has never given the state's highest court an opportunity to pass judgment on the claims which he currently seeks to raise before this court. As such, he has failed to exhaust his state court remedies as required by *Rose*, 455 U.S. at 510, 102 S. Ct. at 1199 and 28 U.S.C. §2254 (b)(1)(A). This Court must therefore recommend that the State's Motion to Dismiss (Rec. Doc. 10) be GRANTED and that the petition of Andrew Harvey be dismissed without prejudice for failure to exhaust state court remedies.[1]

---

[1] The State also alleges that Harvey's claims are now time-barred from being heard in the state courts and should therefore be considered defaulted and dismissed with prejudice from this court. *See* Rec. Doc. 10 at p. 2, State's Motion to Dismiss. Since the Louisiana Code of Criminal Procedure Rules do allow for some exceptions to La. C.Cr. P. Art. 930.8 (the two year time limitations period provided under state law), this court does not rule on this issue at this time.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Andrew Harvey for issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. ***Douglass v. United Services Auto. Ass'n***, 79 F. 3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 13th day of September, 2010.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.